IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALIF LATEEF,<br><br>         Plaintiff,<br><br>   vs.<br><br>B. JACKSON, et al.,<br><br>         Defendants. | No. C 08-00651 JW (PR)<br><br>ORDER REGARDING SERVICE ON DEFENDANTS COLEMAN, SAWAYA AND CAMPBELL |

Plaintiff, a prisoner at the Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging claims against PBSP officials. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a separate order. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is

frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff's allegations that one or more of the named defendants unlawfully destroyed his personal property during routine cell searches are dismissed under the authority of § 1915A(b) because it is well-established that a negligent or intentional deprivation of a state prisoner's property fails to state a due process claim under § 1983 if the state has an adequate post-deprivation remedy and California law provides an adequate post-deprivation remedy for any property deprivations. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895); see Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property); see also Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989) (4th Amendment does not protected prisoner against the seizure, destruction or conversion of his property). That some of the personal items allegedly destroyed happened to be legal materials and religious artifacts does not, without more, compel a different result.

Plaintiff's allegation of false charges are dismissed because it is well-established that prisoners have no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.

1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

Plaintiff's allegations that his underlying administrative appeals were mishandled are also dismissed. It is well-established that there is no constitutional right to a prison administrative appeal or grievance system, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and that a state's creation of a prison administrative appeal or grievance system does not implicate a liberty interest protected by the Due Process Clause, see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same).

Liberally construed, plaintiff's claim that he is the subject of harassment and reprisals is cognizable under § 1983 to the extent defendants are acting in retaliation against plaintiff for exercising his right to file a grievance. See Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (the right of access to the courts extends to established prison grievance procedures, thus a prisoner may not be retaliated against for using such procedures). Furthermore, plaintiff's allegation of discriminatory treatment based on his race is also cognizable. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

## CONCLUSION

1. Plaintiff's claims against defendants B. Jackson, W. Patterson, Saway, Campbell, and D. Coleman for harassment, retaliation, and racial discrimination as described above, when liberally construed, are cognizable. All other claims against the other defendants are DISMISSED for failure to state a cognizable claim for relief.

2. The clerk of the Court shall issue summons and the United States

Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **B. Jackson, W. Patterson**, **Saway**, **Campbell**, and **D. Coleman** at the **Pelican Bay State Prison**. The clerk shall also <u>mail courtesy copies</u> of the complaint and this order to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied Alameida v. Terhune</u>, 540 U.S. 810 (2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.</u>**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **forty-five (45) days** from the date defendants' motion is filed.

    a. In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

---

[1] The following notice is adapted from the summary judgment notice to be given to <u>pro se</u> prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order of Partial Dismissal and of Service
P:\PRO-SE\SJ.JW\CR.08\Lateef00651_re svc.wpd     4

>The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.   In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

>The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by

1  plaintiff to the granting of the motion, and granting of judgment against plaintiff
2  without a trial.  See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per
3  curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

4      5.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after
5  plaintiff's opposition is filed.

6      6.    The motion shall be deemed submitted as of the date the reply brief is
7  due.  No hearing will be held on the motion unless the Court so orders at a later date.

8      7.    All communications by the plaintiff with the Court must be served on
9  defendants, or defendants' counsel once counsel has been designated, by mailing a
10 true copy of the document to defendants or defendants' counsel.

11     8.    Discovery may be taken in accordance with the Federal Rules of Civil
12 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or
13 Local Rule 16-1 is required before the parties may conduct discovery.

14     9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must
15 keep the court informed of any change of address and must comply with the court's
16 orders in a timely fashion.  Failure to do so may result in the dismissal of this action
17 for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

18     10.    Extensions of time must be filed no later than the deadline sought to be
19 extended and must be accompanied by a showing of good cause.

21 DATED:  January 14, 2009                          _JAMES WARE_
22                                                                             United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALIF LATEEF, | Case Number: CV08-00651 JW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| B. JACKSON, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  1/15/2009 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Khalif Lateef C-52678
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95531


Dated:   1/15/2009

Richard W. Wieking, Clerk
/s/   By: Elizabeth Garcia, Deputy Clerk