**United States District Court**
For the Northern District of California

| | |
|---|---|
| KHALIF LATEEF, | ) No. C 08-00651 JW (PR) |
| Plaintiff, | ) ORDER REGARDING SERVICE ON |
| vs. | ) DEFENDANTS CAMPBELL, SAWAYA AND COLEMAN; REQUESTING INFORMATION FROM PBSP LITIGATION COORDINATOR; ADDRESSING PENDING MOTIONS; VACATING PREVIOUS ORDER |
| B. JACKSON, et al., | ) |
| Defendants. | ) (Docket Nos. 16, 17 & 18) |

Plaintiff, a prisoner at the Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging claims against PBSP officials. Plaintiff was granted leave to proceed in forma pauperis. (Docket No. 3.) The Court found that plaintiff's claims against defendants B. Jackson, W. Patterson, Saway, Campbell, and D. Coleman for harassment, retaliation, and racial discrimination, when liberally construed, were cognizable and ordered service of the complaint. On September 24, 2008, the summonses for Campbell, Sawaya, and D. Coleman were returned unexecuted. (See Docket Nos. 6, 7 & 8.) Plaintiff has filed a motion "to effect service of summons on defendants." (Docket No. 16.) For the reasons set forth below, the motion is DENIED.

///

Order Re Service on Ds
P:\PRO-SE\SJ.JW\CR.08\Lateef00651_re svc.wpd

**DISCUSSION**

A.   <u>Summonses Returned Unexecuted</u>

In cases wherein the plaintiff proceeds <u>in forma pauperis</u>, the "officers of the court shall issue and serve all process." 28 U.S.C. 1915(d). The Court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, <u>see</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding <u>in forma pauperis</u> may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, plaintiff's complaint has been pending for well over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. <u>See</u> Fed. R. Civ. P. 4(m). Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendants Campbell, Sawaya, and Coleman, and consequently plaintiff must remedy the situation or face dismissal of his complaint without prejudice. <u>See</u> <u>Walker v. Sumner</u>, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, the claims against defendants Campbell, Sawaya, and Coleman will be dismissed without prejudice under Rule 4(m) unless plaintiff either himself effects service upon these three defendants, or provides the Court with sufficient information and/or an accurate current location such that the Marshal is able to effect service upon them.

The summons for defendant Campbell was returned with the comment in the Remarks section that "More information is needed. There is more than one Campbell at the facility." (Docket No. 6.) Accordingly, this defendant has not been

served. Additional information is required from plaintiff in order to proceed against this defendant. Plaintiff must provide the first name or initial of this defendant to the Court in a pleading **within thirty (30) days** from the date of this order in order for the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2). See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Failure to do so may result in dismissal of the complaint against defendant Campbell under Rule 4(m) of the Federal Rules of Civil Procedure.

The summons for defendant Sawaya was returned with the comment in the Remarks section that "They have no records of any officer by the name of Saway ever working at the facility." (Docket No. 7.) Accordingly, this defendant has not been served. The Court notes that the summons was issued with a different spelling from the one provided by plaintiff, *i.e.*, to Saway rather than Sawaya. However, to avoid further delay, plaintiff must provide the first name or initial of this defendant to the Court in a pleading **within thirty (30) days** from the date of this order in order for the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2). See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Failure to do so may result in dismissal of the complaint against defendant Sawaya under Rule 4(m).

The summons for defendant D. Coleman was returned with the comment in the Remarks section that "Officer D. Coleman is no longer at the facility." (Docket No. 8.) Since the summons is addressed to the prison and not to a particular unit therein, the Court understands this to mean that D. Coleman is no longer working at PBSP. Accordingly, this defendant has not been served.

The clerk of the Court shall send a copy of this order to the Litigation Coordinator at PBSP, who is requested to provide any forwarding address information that is available with respect to defendant Coleman. However, it is ultimately plaintiff's responsibility to provide a name and address for each defendant

Order Re Service on Ds
P:\PRO-SE\SJ.JW\CR.08\Lateef00651_re svc.wpd               3

1  to be served in order for the Court to direct the Marshal to serve process on a
2  defendant. Plaintiff must provide the Court with this information in a pleading no
3  later than **thirty (30) days** from the date of this order, in order for the Court to
4  provide the United States Marshal with sufficient information for service to be
5  effected under Fed. R. Civ. P. 4(c)(2). See Walker v. Sumner, 14 F.3d 1415, 1422
6  (9th Cir. 1994). Failure to do so may result in dismissal of the complaint against
7  defendant Coleman under Rule 4(m).

B.  Request to PBSP Litigation Coordinator

In addition to providing any forwarding address available for defendant Coleman, the Court requests the Litigation Coordinator at PBSP to attempt to identify defendants Sawaya and Campbell, who according to plaintiff, were the only officers to work as Third Watch Floor Officers in Housing Unit 4, Facility A on April 25, 2006, (see Docket No. 16 at 3), and notify the Court what information is available **within twenty (20) days** from the date of this order.

C.  Motions Regarding Discovery

Plaintiff has filed a motion for an order compelling discovery. (Docket No. 18.) No motion to compel will be considered by the Court unless the meet-and-confer requirement of Fed. R. Civ. P. 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied. Because plaintiff is incarcerated he is not required to meet and confer with defendants in person. If his discovery requests are denied, he must send a letter to defendants' counsel to that effect, offering one last opportunity to provide the sought-after information. Plaintiff states that he served his first set of interrogatories upon defendants Patterson and Jackson after the Court issued its order of partial dismissal and of service in August 2008. Plaintiff states that the response he received from Patterson on December 12, 2008 was "evasive, vague, incomplete, and riddled with frivolous, nonsensical objections," and that he has not yet received a response from defendant Jackson. (Docket No. 17 at 2.) He filed the instant motion to compel on January 9, 2009. It does not appear that plaintiff

Order Re Service on Ds
P:\PRO-SE\SJ.JW\CR.08\Lateef00651_re svc.wpd         4

1  afforded defendants' counsel one last opportunity to provide the sought-after
2  information.  Because plaintiff has not shown that he has fulfilled the
3  meet-and-confer requirement, his motion to compel (Docket No. 17) is DENIED as
4  premature.

5       Plaintiff's motion for leave to serve additional interrogatories (Docket No.
6  17) is DENIED as unnecessary.  Discovery may be taken in accordance with the
7  Federal Rules of Civil Procedure, and no court order under Federal Rule of Civil
8  Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct
9  discovery.

## CONCLUSION

12       Plaintiff must either himself effect service on defendants or provide the Court
13  with the information discussed above such that the Marshal is able to effect service.
14  If no further information is available from the Litigation Coordinator and if plaintiff
15  fails to effectuate service on Campbell, Sawaya, and Coleman or provide the Court
16  with an accurate current location and a first name or initial for applicable defendants
17  **within thirty (30) days** of the date this order is filed, plaintiff's claims against these
18  defendants will be dismissed without prejudice pursuant to Rule 4(m) of the Federal
19  Rules of Civil Procedure.

20       The clerk of the Court is instructed to send a copy of this order to the
21  Litigation Coordinator at PBSP, to comply with the Court's request to provide
22  information as stated above.

23       The Order filed January 15, 2009 is VACATED.
24       This order terminates Docket Nos. 16, 17 and 18.

26  DATED: January 26, 2009

JAMES WARE
United States District Judge

Order Re Service on Ds
P:\PRO-SE\SJ.JW\CR.08\Lateef00651_re svc.wpd       5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KHALIF LATEEF,

        Plaintiff,

  v.

B. JACKSON, et al.,

        Defendants.

Case Number: CV08-00651 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/13/2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Khalif Lateef C-52678
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95531

Litigation Coordinator
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

Dated: 2/13/2009

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk